

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard South,
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER SAMPSON,<br><br>Defendant. | Case No. 2:21-MJ-00787-VCF<br><br>**Order to Seal**<br><br>**(Under Seal)** |

Based on the pending Application of the Government, and good cause appearing therefore, **IT IS HEREBY ORDERED** that the Complaint, the Probable Cause Affidavit, Arrest Warrant, AO257, the Government's Application, and this Court's Sealing Order, in the above-captioned matter shall be sealed until further Order of the Court.

IT IS FURTHER ORDERED THAT the Clerk's Office for the United States District Court for the District of Nevada must release the sealed complaint to the CJA Panel Resource Attorney, who may use the information in the sealed complaint for the sole purpose of securing defense counsel in a timely manner.

IT IS FURTHER ORDERED THAT, on the day of the arrest of the first defendant in this case, the CJA Resource Attorney may provide defense counsel a copy of the sealed complaint.

DATED this 23rd day of September, 2021.

HONORABLE CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

1  CHRISTOPHER CHIOU
   Acting United States Attorney
2  District of Nevada
   Nevada Bar # 14853
3  BIANCA R. PUCCI
   Assistant United States Attorney
4  501 Las Vegas Blvd. South, Suite 1100
   Las Vegas, Nevada 89101
5  Phone: (702) 388-6336
   Bianca.Pucci@usdoj.gov
6  Attorneys for the United States of America

7                UNITED STATES DISTRICT COURT
                      DISTRICT OF NEVADA
8

9  UNITED STATES OF AMERICA,           Case No.    2:21-MJ-00787-VCF

10         Plaintiff,                  **Application to Seal**

11  vs.                                **(Under Seal)**

12  TYLER SAMPSON,

13         Defendant.

14         The United States of America, by and through Christopher Chiou, Acting United States

15  Attorney, and Bianca R. Pucci, Assistant United States Attorney, respectfully move this

16  Honorable Court for an Order sealing the Complaint, Probable Cause Affidavit, Arrest

17  Warrant, AO257, this Application, and the Court's Sealing Order, in the above-captioned

18  matter, until such time as this Honorable Court, or another Court of competent jurisdiction,

19  shall order otherwise.

20         Pursuant to LR IA 10-5, the Government requests that the accompanying Complaint in

21  this case be filed under seal. *See generally*, Fed. R. Crim. P. 6(e)(4) (permitting for the sealing of

22  an indictment); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (supporting the

23  sealing of a search warrant when there is reasonable cause to believe that providing immediate

24  notification may have adverse results); *Matter of Sealed Affidavit(s) to Search Warrants*,

600 F.2d 1256 (9th Cir. 1979) (same); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975) (same). In this case, such an order would be appropriate because the Complaint and Affidavit relate to an ongoing criminal investigation into violation(s) of 18 U.S.C. § 922(g)(1), § 924(a)(2)(a), and § 2252(a)(5)(B) and (b)(2), that is neither public nor known to all of the targets of the investigation and its disclosure may alert the targets to the ongoing investigation and pending arrest warrant. Public disclosure of the information in the Complaint might possibly jeopardize the investigation because Defendant Tyler Sampson is not yet in custody. Although Sampson is generally aware of the investigation and has spoken with investigators, he is unaware federal charges are being sought against him. If he were to learn of the charges via an unsealed Complaint, he may take evasive measures or destroy potential evidence, or both. Defendant Sampson's knowledge that an arrest warrant has been issued against him may also increase risks to law enforcement in apprehending him. Accordingly, there is reason to believe that disclosure of the information will jeopardize the investigation, including by giving Sampson an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates.

DATED this 22nd day of September, 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Bianca R. Pucci for*
BIANCA R. PUCCI
Assistant United States Attorney